**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
HENRY ELOZUA, et al.,             :
                                  :   CIVIL ACTION NO. 04-2029 (MLC)
      Plaintiffs,                 :
                                  :   MEMORANDUM OPINION
      v.                          :
                                  :
STATE OF NEW JERSEY, et al.,      :
                                  :
      Defendants.                 :
_____:
```

**COOPER, District Judge**

Plaintiffs, Henry Elozua ("Elozua"), Ignacio Vergara ("Vergara"), and Manuel Morell ("Morell") (collectively, "plaintiffs"), allege claims against defendants New Jersey State Troopers R. Lasso ("Lasso"), J. Butrymowicz ("Butrymowicz"), H. Iwanowski ("Iwanowski"), and Liddy (collectively, "the remaining defendants"), under 42 U.S.C. § ("Section") 1983 in their individual capacities for alleged violations of the (1) Fourth Amendment, and (2) Fourteenth Amendment.  (Dkt. entry no. 2, Am. Compl.)  The remaining defendants now move to dismiss the amended complaint insofar as asserted against them for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).  (Dkt. entry no. 47.)  The Court determines this motion on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion.

**BACKGROUND**

The parties are familiar with the background of this action. (<u>See</u> dkt. entry no. 41, 8-18-06 Mem. Op.)  Plaintiffs were stopped by the remaining defendants while driving on Interstate 80 in New Jersey on March 23, 1991.  (8-18-06 Mem. Op., at 2-3.) The remaining defendants conducted searches, and plaintiffs were found to be in possession of illegal narcotics.  (<u>Id.</u>) Plaintiffs were then arrested, and eventually convicted, sentenced, and incarcerated.  (<u>Id.</u>)  Plaintiffs' convictions were vacated and their indictments dismissed in 2002 and 2003 on the motion of the State because colorable issues of racial profiling existed as to plaintiffs' cases.  (<u>Id.</u> at 3.)

Plaintiffs brought this action on April 30, 2004, alleging multiple claims arising out of the traffic stops, searches, and arrests conducted by the remaining defendants.  (<u>See</u> Am. Compl.) The Court subsequently dismissed all claims against certain defendants, and certain claims against the remaining defendants. (<u>See</u> dkt. entry no. 42, 8-18-06 Order.)  Plaintiffs' Section 1983 claims under the Fourth and Fourteenth Amendments against the remaining defendants in their individual capacities, however, remained viable.  (<u>See</u> <u>id.</u>)

The Court stayed this action on February 20, 2007, pending the United States Supreme Court's resolution in <u>Wallace v. Chicago</u>, docket no. 05-1240.  (Dkt. entry no. 44, 2-20-07 Order.)

The Supreme Court rendered that decision on February 21, 2007.
See Wallace v. Kato, 127 S.Ct. 1091 (2007).  The Court
subsequently vacated the stay on May 25, 2007.  (Dkt. entry no.
46, 5-25-07 Order.)  The remaining defendants now move to dismiss
the amended complaint insofar as asserted against them.  (Dkt.
entry no. 47.)  Plaintiffs oppose the motion.  (Dkt. entry no.
52.)

**DISCUSSION**

**I.    Standard Of Review For A Rule 12(c) Motion**

A Rule 12(c) motion for judgment on the pleadings may be
filed after the pleadings are closed.  Fed.R.Civ.P. 12(c); Turbe
v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  A defense of
failure to state a claim upon which relief can be granted may be
made by a motion on the pleadings pursuant to Rule 12(c).
Fed.R.Civ.P. 12(h)(2); Turbe, 938 F.2d at 428.  The Court applies
the same legal standards as applicable to a motion filed pursuant
to Rule 12(b)(6).  Turbe, 938 F.2d at 428.

The Court must accept as true all of the factual allegations
in the complaint and draw all reasonable inferences in favor of
the plaintiff when considering a motion to dismiss pursuant to
Rule 12(b)(6).  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).
But the Court need not credit a complaint's "bald assertions" or
"legal conclusions" when deciding a motion to dismiss.  In re
Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d

3

Cir. 1997) (citation omitted).  "Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted."  Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The Court may generally not "consider matters extraneous to the pleadings" when considering a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426.  However, if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56.  Fed.R.Civ.P. 12(b).  An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to

dismiss into one for summary judgment.  <u>Angstadt v. Midd-West Sch. Dist.</u>, 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted).[1]

The remaining defendants, in moving to dismiss pursuant to Rule 12(c), request that the Court take judicial notice of the following exhibits attached to a June 22, 2007 Affidavit from Tamara L. Rudow: (1) Transcript of the Guilty Plea, dated July 27, 1992, in <u>State of New Jersey v. Vergara</u>; (2) Transcript of the Guilty Plea, dated July 27, 1992, in <u>State of New Jersey v. Morell</u>; (3) Transcript of the Guilty Plea, dated July 27, 1992, in <u>State of New Jersey v. Elozua</u>; (4) Transcript of Sentences, dated August 27, 1992, in <u>State of New Jersey v. Vergara</u>, <u>State of New Jersey v. Morell</u>, and <u>State of New Jersey v. Elozua</u>; (5) Order of the Honorable Walter R. Barisonek, J.S.C., dated May 3, 2002, Vacating Conviction and Dismissing Indictment in <u>State of New Jersey v. Elozua</u>; (6) Order of the Honorable John H. Pursel, J.S.C., dated October 20, 2003, Vacating Conviction and Dismissing Indictment in <u>State of New Jersey v. Vergara & Morell</u>; (7) Affidavit of Deputy Attorney General Paul Heinzel in Support of Motion to Vacate Conviction in <u>State v. Elozua</u>; and (8) Certification of Deputy Attorney General Paul Heinzel in Support

---

[1] "The rationale underlying this exception is that the primary problem raised by considering documents outside the complaint — lack of notice to the plaintiff — is dissipated where the plaintiff has actual notice and has relied upon the documents in framing the complaint."  <u>Jones v. Intelli-Check, Inc.</u>, 274 F.Supp.2d 615, 625-26 (D.N.J. 2003) (citations omitted).

of Motion to Dismiss Conviction in <u>State v. Vergara & Morell</u>.
(Dkt. entry no. 47, Decl. of Tamara Rudow.)   The Court will
consider the documents provided by the remaining defendants as
they are either integral to or relied upon in the amended
complaint or matters of public record.

**II.  Claims Against The Remaining Defendants**

The remaining defendants argue that plaintiffs' claims under
the Fourth and Fourteenth Amendments are barred by the statute of
limitations, as the claims accrued in 1991, and the statute of
limitations expired in 1993.  (Dkt. entry no. 47, Def. Br., at
32-34.)  Plaintiffs do not appear to dispute that their Fourth
Amendment claims are statutorily time-barred, but argue that
their Fourteenth Amendment claims are not statutorily time-
barred.  (Dkt. entry no. 52, Pl. Br., 2-4.)  Plaintiffs also
state that equitable tolling should apply to their claims.  (Dkt.
entry no. 59, Pl. Reply Letter at 2.)

**A.  Section 1983 and the Statute of Limitations**

**1.  General Rule for Accrual of Section 1983 Claims**

The accrual date of a Section 1983 claim is governed by
federal law.  <u>Wallace</u>, 127 S.Ct. at 1095.  Accrual occurs when
the plaintiff has a complete and present cause of action, or, in
other words, when the plaintiff can file suit and obtain relief.
<u>Id.</u>  "[T]he tort cause of action accrues, and the statute of
limitations commences to run, when the wrongful act or omission

results in damages.  The cause of action accrues even though the full extent of the injury in not then known or predictable." Id. at 1097 (quotation and citations omitted); see also Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (noting that "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the [S]ection 1983 action").

    **2.    General Rules for Statute of Limitations and Tolling**

The Court looks to the relevant state law to determine the statute of limitations period for an accrued Section 1983 claim. Wallace, 127 S.Ct. at 1094.  Civil rights or constitutional tort claims are best characterized as personal injury actions, and thus are governed by the relevant state's statute of limitations for personal injury tort actions.  Id.; Richards v. County of Morris, No. 07-1995, 2007 U.S. Dist. LEXIS 49290, at *10-*11 (D.N.J. July 5, 2007).  Under New Jersey law, the relevant state law here, the statute of limitations on a personal injury action is two years.  N.J.S.A. § 2A:14-2.

The Court also relies on the relevant state's provisions on questions of tolling.  Clarke v. N.J. State Police, No. 03-3240, 2007 WL 4554254, at *3 (D.N.J. Dec. 20, 2007).  New Jersey law sets forth certain bases for statutory tolling.  See N.J.S.A. § 2A:14-21, et seq.  New Jersey law also permits equitable tolling where (1) the complainant has been induced or tricked by an

7

adversary's misconduct into allowing the filing deadline to pass,
(2) a plaintiff has in some extraordinary way been prevented from
asserting rights, or (3) a plaintiff has timely asserted rights
mistakenly either by defective pleading or in the wrong forum.
Clarke, 2007 WL 4554254, at *3.  To the extent that state tolling
rules contradict federal law or policy, however, federal tolling
doctrine may be applied if (1) the defendant has actively misled
the plaintiff, (2) the plaintiff has in some extraordinary way
been prevented from asserting rights, or (3) the plaintiff has
timely asserted rights mistakenly in the wrong forum.  Id. at *4;
Lake v. Arnold, 232 F.3d 360, 370, n.9 (3d Cir. 2000).

**3.   Effect of Heck on Accrual of Section 1983 Claims**

A Section 1983 claim may not be cognizable if it would
render a conviction or sentence invalid.  Heck v. Humphrey, 512
U.S. 477, 486-87 (1994).  This rule is known as the "Heck bar."
See Wallace, 127 S.Ct. at 1098.  The district courts are charged
with determining whether a plaintiff's Section 1983 claim, if
successful, would imply the invalidity of a conviction or
sentence.  Hunt v. City of Scranton, 236 Fed.Appx. 740, 743 n.5
(3d Cir. 2007).  If so, that plaintiff must overcome the Heck bar
by proving that the conviction or sentence has been reversed on
direct appeal, expunged by executive order, declared invalid by a
state tribunal authorized to make such a determination, or called

into question by a federal court's issuance of a writ of habeas
corpus.  Heck, 512 U.S. at 486-87.

     Because a Section 1983 claim is not cognizable until the
plaintiff overcomes the Heck bar, the Heck bar "delays what would
otherwise be the accrual date of a tort action until the setting
aside of an extant conviction which success in that tort action
would impugn."  Wallace, 127 S.Ct. at 1098 (emphasis in
original); see also Heck, 512 U.S. at 489 ("[T]he statute of
limitations poses no difficulty while the state challenges are
being pursued, since the [Section] 1983 claim has not yet arisen
. . . a [Section] 1983 cause of action for damages attributable
to an unconstitutional conviction or sentence does not accrue
until the conviction or sentence has been invalidated.")  The
Court will refer to this rule as the "Heck rule of deferred
accrual."

          **4.   Effect of Wallace on the Heck Rule of Deferred Accrual**

     The Supreme Court held in Wallace that the Heck rule of
deferred accrual applies only when success in a Section 1983
action would impugn an extant conviction.  Wallace, 127 S.Ct. at
1098.  It does not apply to, and thus does not defer accrual of,
a Section 1983 action "which would impugn an anticipated future
conviction".  Id. (emphasis in original).  The Court reasoned
that such a rule would be impractical, as it would require "the
plaintiff, (and if he brings suit promptly, the court) to

                                   9

speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict". Id.  In that situation, if a plaintiff files a Section 1983 claim prior to a conviction, a district court may "stay the civil action until the criminal case or the likelihood of a criminal case is ended", id., but the accrual of the cause of action is not thereby deferred.

Simply stated, if a plaintiff is not convicted at the time a Section 1983 claim accrues, the accrual of the claim is not deferred, and that plaintiff must file the claim within the applicable statute of limitations period.  Id.; see e.g., Clarke, 2007 WL 4554254, at *4-*6 (dismissing plaintiff's Section 1983 claims brought in 2003 as time-barred because claims accrued at time of arrest in 1998); Cook v. Layton, No. 07-3672, 2007 WL 4439918, at *3-*4 (D.N.J. Dec. 14, 2007) (dismissing plaintiff's Section 1983 claims brought in 2007 as time-barred because claims accrued no later than date of plaintiff's trial, sometime after arrest in 1992); Richards, 2007 U.S. Dist. LEXIS 49290, at *15-*16 (dismissing plaintiff's Section claims brought in 2007 as time-barred, as claims accrued on date of search and arrest in 1997).

The Court in Wallace also declined to adopt a federal tolling rule that would toll an accrued Section 1983 claim if a conviction was later obtained, resulting in a possible Heck bar

10

to a potential Section 1983 claim.  Wallace, 127 S.Ct. at 1098-

99.  The Court reasoned that

> it would not be known whether tolling is appropriate by
> reason of the Heck bar until it is established that the
> newly entered conviction would be impugned by the not-yet-
> filed, and thus utterly indeterminate, [Section] 1983 claim
> . . . [d]efendants need to be on notice to preserve beyond
> the normal limitations period evidence that will be needed
> for their defense; and a statute that becomes retroactively
> extended, by the action of the plaintiff in crafting a
> conviction-impugning cause of action, is hardly a statute of
> repose.

Id. at 1099.[2]

### B.  Plaintiffs' Fourth Amendment Claims

The remaining defendants state that plaintiffs' Fourth

Amendment claims consist of false arrest, false imprisonment, and

illegal search and seizure.  (Def. Br., at 5-6.)  Plaintiffs do

---

[2] The Court in Wallace also noted that if a plaintiff had
promptly filed a Section 1983 claim once that claim accrued, and
a conviction did later occur, the district court would have to
dismiss the claim if the Heck bar applied.  Wallace, 127 S.Ct. at
1098.  It then observed in a footnote:
> "Had petitioner filed suit upon his arrest and had his suit
> then been dismissed under Heck, the statute of limitations,
> absent tolling, would have run by the time he obtained
> reversal of his conviction.  If under those circumstances,
> he were not allowed to refile his suit, Heck would produce
> immunity from [Section] 1983 liability, a result surely not
> intended.  Because in the present case petitioner did not
> file his suit within the limitations period, we need not
> decide, had he done so, how much time he would have had to
> refile the suit once the Heck bar was removed."
Id. at 1099 n.4.  Plaintiffs here did not file an initial Section
1983 claim until after their convictions were vacated, and after
the statute of limitations period had thus expired, as discussed
infra, so the situation addressed in that Wallace footnote is not
applicable here.

not appear to dispute this characterization.  (See Pl. Br., at 1; Am. Compl., at ¶ 25 (stating, inter alia, that the remaining defendants "did in fact use racial profiling to stop, harass, search and seize, arrest, and charge Plaintiffs with criminal offenses under the laws of the State of New Jersey").)[3]

---

[3] The amended complaint also states that the remaining defendants, "while [plaintiffs] were in custody did, in fact, give perjured testimony by failing to reveal and admit that these defendants were racially profiled at the time of the stop, arrest search and seizure."  (Am. Compl., at ¶ 25.)  Although neither party addresses such a claim in their briefs, to the extent this could be construed as a claim of malicious prosecution pursuant to Section 1983, the amended complaint fails to sufficiently state such a claim.  Even assuming arguendo that a malicious prosecution claim here would have been timely, plaintiffs must establish that (1) the remaining defendants initiated a criminal proceeding, (2) the criminal proceeding ended in plaintiffs' favor, (3) the remaining defendants initiated the proceeding without probable cause, (4) the remaining defendants acted maliciously or for a purpose other than bringing plaintiffs to justice, and (5)  plaintiffs suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  See Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).  A police officer may be considered to have initiated a criminal proceeding if that officer knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion.  Mason v. Mahon, No. 05-1639, 2006 WL 781724, at *7 (E.D. Pa. Mar. 23, 2006).  However, plaintiffs cannot establish a lack of probable cause for proceeding with the prosecution, as plaintiffs do not challenge the fact that they were in possession of illegal narcotics when they were arrested.  See Wilson v. N.J. State Police, No. 04-1523, 2006 WL 2358349, at *9 (D.N.J. Aug. 15, 2006).  Plaintiffs also cannot establish that the prior criminal proceeding terminated in their favor, as the termination here did not dispositively show plaintiffs to be innocent of the crime with which they were charged.  See id.; see also Arnold v. State of N.J., No. 03-3997, 2007 WL 1381757, at *7 (D.N.J. May 9, 2007) ("Courts in this district have regularly held that a claim for

An unreasonable search and seizure claim under the Fourth Amendment may arise out of a traffic stop.  U.S. v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir. 2006).  For example, a violation of the Fourth Amendment may occur if the police officer did not have reasonable suspicion of a traffic law violation in order to stop the vehicle and frisk the driver and passengers for weapons.  Id. at 398; United States v. Yamba, 506 F.3d 251, 259 (3d Cir. 2007); United States v. Fogle, 515 F.Supp.2d 474, 491 (D.N.J. 2007).  A Fourth Amendment violation may also occur if the police officer did not have requisite probable cause to perform a more intrusive search of a person for contraband, or to perform a search of the interior of the vehicle.  Yamba, 506 F.3d at 259; United States v. Rickus, 737 F.2d 360, 366 (3d Cir. 1984); Fogle, 515 F.Supp.2d at 491.

A Section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures.  Albright v. Oliver, 510 U.S. 266, 274 (1994).  A false arrest is an arrest made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Further, where the police officer lacks probable cause to make an arrest, the arrestee has a Fourth Amendment claim for false imprisonment

malicious prosecution cannot be sustained where a plaintiff's drug conviction is overturned for presenting colorable issues of racial profiling for traffic stops.").

based on a detention pursuant to that arrest.  <u>Groman v. Twp. of</u>
<u>Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995).

Plaintiffs' illegal search and seizure claim accrued on
March 23, 1991, the date the incidents at issue here occurred, as
plaintiffs were present and thus had knowledge of the alleged
injuries as they occurred.  <u>See</u> <u>Genty</u>, 937 F.2d at 919.  The
statute of limitations for the search and seizure claim thus
began to run on that date, and expired two years later.  <u>See</u>
<u>Cook</u>, 2007 WL 4439918, at *3-*4 (dismissing complaint brought in
2007 as time-barred, noting that any constitutional deprivation
arising out of search accrued at time of search, which had
occurred more than two years prior); <u>Richards</u>, 2007 U.S. Dist.
LEXIS 49290, at *15-*16 (dismissing action brought in 2007 as
time-barred, holding that plaintiff's unlawful search and seizure
claim accrued on date of allegedly unlawful search and arrest in
1997).

Plaintiffs' false arrest and false imprisonment claims also
accrued on March 23, 1991, at the time of arrest.  <u>See</u> <u>Wallace</u>,
127 S.Ct. at 1095.  The statute of limitations, however, began to
run when plaintiffs became held pursuant to legal process, such
as when they appeared before a magistrate, or were arraigned on
charges.  <u>See</u> <u>id.</u> at 1096.  The exact date when plaintiffs became
held pursuant to legal process is unknown.  (Def. Br., at 33.)
However, as plaintiffs were sentenced in August of 1992, they
were apparently held pursuant to legal process before that time.

14

(See Decl. of Tamara Rudow, Ex. 4, Tr. of Sentences.)  As such, the statute of limitations on these claims began to run no later than August of 1992.  See Wallace, 127 S.Ct. at 1096.

The Heck rule of deferred accrual, moreover, does not apply to plaintiffs' Fourth Amendment claims here, as there was no extant conviction in existence at the time these claims accrued that a Section 1983 action would impugn.  See Wallace, 127 S.Ct. at 1098.  Thus, all of plaintiffs' Fourth Amendment claims were statutorily time-barred before plaintiffs brought this action in April of 2004.  See id. at 1097-98; see also Clarke, 2007 WL 4554254, at *4-*5 (dismissing false arrest claim as time-barred, because statute of limitations began to run upon beginning of legal process stemming from arrest in 1998, not when conviction vacated in 2002); Cook, 2007 WL 4439918, at *3-*4 (dismissing plaintiff's false arrest and illegal search and seizure claims as time-barred because claims accrued more than two years prior to when plaintiff brought action in 2007, even though conviction not vacated until 2006); Richards, 2007 U.S. Dist. LEXIS 49290, at *15-*16 (dismissing plaintiff's false arrest, false imprisonment, and unlawful search and seizure claims as time-barred, because statute of limitations began to run on date of search and arrest, not when conviction reversed in 2002).

C.   **Plaintiffs' Fourteenth Amendment Claim**

Plaintiffs also allege that the remaining defendants violated the Fourteenth Amendment by engaging in selective

15

enforcement of the laws based upon their race.  (Pl. Br., at 4.)
The Equal Protection Clause of the Fourteenth Amendment
proscribes selective enforcement of the law based upon race.
Whren v. United States, 517 U.S. 806, 813  (1996).  To prevail on
such a claim, plaintiffs would have to show the challenged law
enforcement practice had a discriminatory effect and was
motivated by a discriminatory purpose.  See Carrasca v. Pomeroy,
313 F.3d 828, 834 (3d Cir. 2002).

     There is a conflict of opinion within the District of New
Jersey as to whether the holding in Wallace extends to Fourteenth
Amendment claims of selective enforcement.  See, e.g., Clarke,
2007 WL 4554254, at *6 (holding that Wallace applied to
plaintiff's Fourteenth Amendment selective enforcement claim, and
thus Heck rule of deferred accrual did not apply to claim);
Richards, 2007 U.S. Dist. LEXIS 49290, at *15-*16 (same); but see
Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, No. 02-
5470, 2008 U.S. Dist. LEXIS 8713, at *9-*10 (D.N.J. Feb. 5, 2008)
(applying Heck rule of deferred accrual to plaintiff's Fourteenth
Amendment selective enforcement claim).

     This Court finds that the Wallace holding does apply to
plaintiffs' Fourteenth Amendment selective enforcement claim.
This claim arises out of the stops, searches, and arrests that
occurred on March 23, 1991, and is limited to these incidents.

16

(See Pl. Br; Am. Compl., at ¶¶ 6, 11, 25.)[4]  This date is when
plaintiffs first sustained damages and could have filed suit for
relief, and therefore when the claim accrued.  See Wallace, 127
S.Ct. at 1097; Clarke, 2007 WL 4554254, at *6.  Thus, because
plaintiffs did not bring this action until 2004, their Fourteenth
Amendment claim of selective enforcement is time-barred.  See
Clarke, 2007 WL 4554254, at *6.

　　Plaintiffs argue that the Heck rule of deferred accrual is
applicable to this claim.  (Pl. Br., at 4.)  However, plaintiffs
did not enter pleas of guilty and were not sentenced until July
and August of 1992, over a year after this claim accrued.  (Def.
Br., at 6.)  Thus, what plaintiffs seek here is an "adoption of a
principle that goes well beyond Heck: that an action which would
impugn an anticipated future conviction cannot be brought until
that conviction occurs and is set aside."  See Wallace, 127 S.Ct.

---

[4] Plaintiffs do not appear to allege selective enforcement
by the remaining defendants at any later chain of events, such as
selective prosecution.  (See id.)  A selective prosecution claim
requires that a claimant meet the high burden of demonstrating
that the prosecutorial policy had a discriminatory effect and
that it was motivated by a discriminatory purpose.  Clarke, 2007
WL 4554254, at *5 n.6.  To establish a discriminatory effect, the
claimant must show that similarly situated individuals of a
different race were not prosecuted.  Id.  The claimant must offer
some evidence tending to show the existence of the essential
elements of this claim.  Id.  The amended complaint does not make
any such allegations and plaintiffs do not argue in their brief
or reply letter in support of a selective prosecution theory.
(See Am. Compl., Pl. Br., Pl. Reply Letter.)  The Court will
therefore only address selective enforcement as it relates to the
March 23, 1991 traffic stops, searches, and arrests.

at 1098 (emphasis in original).  Such a rule was expressly
rejected in <u>Wallace</u>.  <u>Id.</u>; <u>see also</u> <u>Clarke</u>, 2007 WL 455254, at *6
(holding that plaintiff's Fourteenth Amendment selective
enforcement claim accrued when alleged selective enforcement
occurred, not when conviction vacated in 2002); <u>Richards</u>, 2007
U.S. Dist. LEXIS 49290, at *16 (holding that plaintiff's
Fourteenth Amendment selective enforcement claim accrued when
alleged selective enforcement occurred, not when conviction
reversed in 2002).

### D.  Equitable Tolling

Plaintiffs state in a reply letter that "equitable tolling
should apply" to their claims.  (Pl. Reply Letter, at 2.)
However, plaintiffs do not present any facts that would justify
equitable tolling as to their Fourth or Fourteenth Amendment
claims under either New Jersey law or federal law here.

### CONCLUSION

For the reasons stated <u>supra</u>, the Court will grant the
remaining defendants' motion to dismiss.  The Court will issue an
appropriate order and judgment.

___s/ Mary L. Cooper___  
**MARY L. COOPER**  
United States District Judge

**Dated:** February 11, 2008

18